IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY HARRINGTON and GABRIEL RAMOS, | Case No. 10-3876 SC |
| Plaintiffs, | ORDER RE: DEFENDANT'S MOTION TO DISMISS |
| v. | |
| DAISO JAPAN, a Japanese corporation; and DAISO CALIFORNIA LLC, a California limited liability company, | |
| Defendants. | |

## I. INTRODUCTION

This is a putative class action brought by Plaintiffs Amy Harrington ("Harrington") and Gabriel Ramos ("Ramos," and collectively, "Plaintiffs") against Daiso Japan[1] and Daiso California LLC ("Daiso California" or "Defendant"). ECF No. 8 ("FAC"). Now before the Court is a fully briefed motion by Defendant to dismiss Plaintiffs' FAC. ECF Nos. 18 ("Mot."), 29 ("Opp'n"), 31 ("Reply"). For the following reasons, the Court GRANTS Defendant's Motion.

---

[1] On February 28, 2011, the Court granted Plaintiffs' Motion to appoint an international process server to serve Daiso Japan, a Japanese corporation. ECF No. 25. Daiso Japan has yet to be served, and has not participated in this action.

## II. BACKGROUND

As it must on a Federal Rule of Civil Procedure 12(b)(6) motion, the Court assumes the truth of the well-pleaded facts in Plaintiffs' FAC.  Defendant is a California entity which owns and operates a chain of discount retail stores in California.  FAC ¶¶ 11, 12.  Harrington and Ramos are San Francisco residents.  Id. ¶¶ 7, 8, 9.

On February 25, 2010, the U.S. Consumer Products Safety Commission ("CPSC") commenced an action against Defendant in the Northern District of California for violation of the Consumer Products Safety Act ("CPSA").  United States v. Daiso Holding USA Inc., No. 10-795 (N.D. Cal. Feb. 25, 2010) ("CPSC Action").  The CPSC claimed that in 2006, it began to collect and perform safety tests on product samples from Defendant's retail locations, warehouses, and import shipments.  FAC ¶¶ 20-22.  The CPSC claimed these tests revealed that certain toys and children's products contained illegal levels of lead or posed a choking hazard due to small parts.  Id. ¶¶ 16, 17, 31.

This action resulted in a Consent Decree.  Id.[2]  Under the Consent Decree, Defendant agreed, inter alia, to retain an independent product safety coordinator to implement a comprehensive safety program; perform a retail-level recall of all defective and non-complying products; perform testing of its products; post

---

[2] Plaintiffs and Defendant both request the Court take judicial notice of the Consent Decree.  ECF Nos. 27 ("Pls.' RJN"), 19 ("Def.'s RJN").  The Court GRANTS Plaintiffs' and Defendant's unopposed RJNs, but because the Court may not take judicial notice of the truth of the facts recited within a judicially noticed document, Lee v. City of Los Angeles, 250 F.3d 668, 688-90 (9th Cir. 2001), it limits its review accordingly.

consumer recall notices and contact consumers for whom Defendant has contact information; and pay a $2,050,000 civil penalty. Id.

Plaintiffs allege that they purchased -- or received from family and friends -- products sold at Defendant's retail stores that were unlawfully tainted with lead. Id. ¶¶ 8, 9, 15. Harrington claims to have witnessed her two children "lick, bite, chew and kiss" these products. Id. ¶ 16. Plaintiffs also allege that Defendant "failed to warn about small parts and choking hazards for children under three years of age." Id. ¶ 26. Plaintiffs do not identify the specific products that were purchased, but claim that Harrington "provided Defendants with credit card records indicating the date and amount of her purchases." Id. ¶ 7.[3]

Plaintiffs bring the current action under Rule 23 of the Federal Rules of Civil Procedure, claiming to represent the class of "all persons, sole proprietorships, partnerships, corporations and other entities in the state of California who purchased toys and painting supplies from any of the Defendants or their subsidiaries at any time during the period from January 1, 2006 to the present," subject to certain enumerated exclusions. Id. ¶ 35.

Plaintiffs bring six causes of action in their FAC. Plaintiffs allege Defendant violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 ("UCL claim"), through the sale of the allegedly unsafe toys. Id. ¶¶ 42-54. Plaintiffs allege Defendant violated the California Consumers Legal

---

[3] The FAC is inconsistent on the issue of whether these toys were subject to a recall. Plaintiffs allege that Ramos was a purchaser of "recalled products distributed and sold by Daiso," id. at 1, but paradoxically state that "[n]o recall of the dangerous toys has been announced," id. ¶ 33.

3

1  Remedies Act, Cal. Civ. Code. § 1750 et seq. ("CLRA claim"), by
2  representing to consumers that these toys were safe. Id. ¶¶ 55-62.
3  Plaintiffs allege violation of the Song-Beverly Consumer Warranty
4  Act through breach of the implied warranties of fitness and
5  merchantability, Cal. Civ. Code §§ 1792.2, 1791.1(a) & (b), by
6  "selling children's toys that are dangerous to children and cannot
7  safely be used for their ordinary purpose." Id. ¶¶ 63-75.
8  Plaintiffs allege that Defendant acted negligently in the "design,
9  manufacture, testing, inspection, sale and/or distribution" of the
10 toys, as well as by failing to warn consumers that the allegedly
11 tainted toys contained excessive levels of "lead, lead paint and/or
12 loose magnets." Id. ¶¶ 76-78. Finally, Plaintiffs bring an unjust
13 enrichment claim, alleging that Defendant unjustly retained
14 benefits from the sale of these allegedly tainted products. Id. ¶¶
15 79-82. Plaintiffs also seek a declaration that Defendant violated
16 the UCL and other laws; consequential and compensatory damages; an
17 injunction requiring Defendant to pay for medical monitoring of
18 children allegedly exposed to lead; a refund for each item
19 purchased; and a preliminary and/or permanent injunction enjoining
20 Defendant from the allegedly unlawful behavior. Id.

## III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure
12(b)(6) "tests the legal sufficiency of a claim." Navarro v.
Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based
on the lack of a cognizable legal theory or the absence of
sufficient facts alleged under a cognizable legal theory.
Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

1990). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1950 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing part of the nature of the claim so that the party may effectively defend against it" and sufficiently plausible such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 633 F.3d 1191, 1204 (9th Cir. 2011).

**IV. DISCUSSION**

    **A. Defendant's Motion to Strike Supporting Documents**

Plaintiffs file in support of their Opposition a declaration of Julio J. Ramos ("Ramos"), attorney for Plaintiffs, attached to which are a number of exhibits.[4] Defendant moves to strike the declaration and several of the exhibits. Reply at 2. Defendant argues that Ramos neither indicates that any statement he makes in this declaration is based on his personal knowledge nor offers facts by which personal knowledge could be established. Id. Defendant argues that Ramos cannot authenticate Exhibits B and D attached to his declaration, and lacks personal knowledge of the

---

[4] ECF No. 30.

5

statements contained therein.  Id.  The Court agrees, and SUSTAINS Defendant's motion and STRIKES the Ramos Declaration and the attached exhibits.

### B. Defendant's Motion to Dismiss

Defendant alleges that Plaintiffs' FAC fails to plead with the requisite specificity; that it fails to allege facts sufficient to state a claim; and that Plaintiffs lack standing to assert any claims covered by the Consent Decree.  Mot. at 6-13.  Defendant also makes a number of challenges to Plaintiffs' individual claims.  Id. at 13-21.

Defendant argues that the FAC fails to plead facts with the requisite specificity under Iqbal and Twombly.  Mot. at 7-8.  Defendant asserts that Plaintiffs have failed to specify in their Complaint which products they purchased, their alleged defects, the alleged exposure, and the alleged harm.  Id. at 8.  Defendant writes: "Daiso sells thousands of products, the vast majority of which are of no relevance to this matter, and Daiso, as well as the court, are entitled to know what products and alleged defects or damages are actually at issue in this suit."  Id.  Defendant writes that without this information, "Daiso cannot begin to prepare its defense and the court cannot determine whether plaintiffs have standing or whether they have asserted facts sufficient to assert a viable claim for relief."  Id. at 10-11.

In response, Plaintiffs allege that "Harrington clearly states in the complaint that she purchased recalled products."  Opp'n at 15.  Plaintiffs allege that prior to filing suit, Harrington forwarded to Defendants "her financial records indicating the date, amount of purchases and credit card reference number information,"

6

and argue that in light of this, Defendant's claim of "an inability to understand the complaint defense defies common sense and logic and can only be interpreted as self-serving in light of multiple regulatory actions taken against it." Id. Defendant responds by stating that while Harrington identified the date and amount of purchase, she has not identified the items purchased. Reply at 5.

The Court agrees with Defendant. Plaintiffs do not identify the allegedly dangerous items, how they came to acquire them, how the products caused them injury, or what damages they allegedly sustained. The FAC makes errant and unexplained references to toys causing choking hazards or containing "loose magnets," without alleging that Plaintiffs suffered injury due to these features. Plaintiffs essentially say, "If Daiso recalled a product, then it injured us." For obvious reasons, this is improper. Plaintiffs neither provide Defendant with adequate notice nor render it fair to require Defendant to be subjected to the expense of discovery. Plaintiffs and their counsel have made clear their intent to bring a class action against Defendant; the FAC is broadly written, likely to ensure as large a class as possible can be certified. But there is no class until the Court certifies one. Until then, Plaintiffs bring this action on behalf of Harrington and Ramos alone, and they must allege facts sufficient to support each individual cause of action.

The fact that Harrington allegedly provided Defendant with some facts about the specific purchases she made prior to the filing of the Complaint does not cure this deficiency. If Harrington was in possession of this information, her failure to include it in the FAC appears all the more incredulous.

In sum, Plaintiffs' FAC falls far, far short of the Iqbal pleading standard. It is replete with factual generalizations and legal conclusions. Plaintiffs do not identify the allegedly unsafe items, how these items were acquired, or how these items allegedly caused harm. In bringing their UCL claim, Plaintiffs do not sufficiently identify the "unlawful, unfair, or fraudulent" conduct giving rise to a UCL claim. In bringing their CLRA claim, Plaintiffs do not identify what alleged misrepresentations Defendant made, nor do they plead that they saw and relied upon these statements. Plaintiffs' implied warranty claims are rife with legal conclusions. Plaintiffs do not allege damages to support their negligence claim. Plaintiffs baldly seek punitive damages, but do not plead facts supporting them. Further, Plaintiff Ramos has alleged no damages of any kind.

On this basis, the Court GRANTS Defendant's Motion and DISMISSES Plaintiffs' FAC. However, because it dismisses the FAC WITH LEAVE TO AMEND, the Court addresses Defendant's other arguments in favor of dismissal in the interest of judicial expediency.

Defendant argues that Plaintiffs' UCL, CLRA, and implied warranty claims sound in fraud, and thus trigger the heightened pleading standard of Federal Rule of Civil Procedure 9(b). Mot. at 13. Causes of action predicated on fraud must be pleaded with particularity under Rule 9(b). Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003); Kearns v. Ford Motor Co., 567 F.3d 1120, 1122 (9th Cir. 2009) (applying Rule 9(b) standard to UCL and CRLA claims predicated on misrepresentation). As stated above, all Plaintiffs' claims fail the Rule 8 pleading standard; as such,

1  it is not entirely clear what conduct forms the basis of these
2  claims.  However, to the extent that Plaintiffs' UCL, CLRA, and
3  implied warranty claims are predicated on misrepresentation or
4  other allegations of fraud, they fail Rule 9(b)'s heightened
5  pleading standard as well.
6   Defendant also argues that Plaintiffs lack standing to assert
7  any claims or allegations covered by the Consent Decree.  Mot. at
8  11.  Defendant argues that to file a private action under the CPSA,
9  the plaintiff must provide a thirty-day notice to the defendant and
10 the CPSC.  Id.  Defendant also argues that under the CPSA, "[n]o
11 separate suit shall be brought under this section if at the time
12 the suit is brought the same alleged violation is the subject of a
13 pending civil or criminal action by the United States under this
14 Act."  15 U.S.C. § 2073(a).
15  Plaintiffs respond by citing Leipart v. Guardian Industries,
16 Inc., 234 F.3d 1063, 1069 (9th Cir. 2000), for the proposition that
17 the CPSA does not preempt state common-law tort claims.  Defendant
18 responds that the Consumer Product Safety Improvement Act of 2008
19 ("CPSIA") changes this outcome.  Reply at 1.  Defendant argues that
20 under the Consent Decree, Daiso is required to recall and offer
21 unconditional refunds as to the same products for which plaintiffs
22 seek a remedy in this action.  Id.
23  Plaintiffs do not bring a CPSA cause of action directly.
24 Thus, Defendant's argument that Plaintiffs have failed to satisfy
25 the procedural prerequisites for bringing a CPSA claim fails unless
26 Defendant establishes Plaintiffs, through artful pleading, have
27 articulated an inherently federal claim in state law terms.  See
28 T&E Pastornio Nursery v. Duke Energy Trading & Marketing, LLC, 268

F. Supp. 2d 1240, 1247 (S.D. Cal. 2003). To the extent Defendant argues Plaintiffs' cause of action is preempted by the recently enacted CPSIA, there is insufficient briefing on this issue by either party for the Court to rule on it. However, there is another basis to deny such relief: mootness. To the extent that Plaintiffs argue that they and other consumers are entitled to an injunction requiring Defendant to institute a recall or perform product refunds, those remedies have already been granted under the Consent Decree. As such, an action for such injunctive relief would be subject to dismissal on mootness grounds.

**V.  CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant Daiso California LLC's Motion and DISMISSES WITHOUT PREJUDICE the First Amended Complaint filed by Plaintiffs Amy Harrington and Gabriel Ramos. If Plaintiffs do not file an amended complaint within thirty (30) days of this Order, the Court will dismiss Plaintiffs' action in its entirety WITH PREJUDICE.

IT IS SO ORDERED.

Dated: May 26, 2011

_____
UNITED STATES DISTRICT JUDGE